# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 16-1519V
Filed: January 2, 2018
UNPUBLISHED

| | |
|---|---|
| SCOTT RODEMOYER,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Isaiah Richard Kalinowski*, Maglio Christopher & Toale, PA, Washington, DC, for petitioner.
*Daniel Anthony Principato*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

  On November 15, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that he suffered an injury to his left shoulder caused by his influenza vaccine administered on October 24, 2015. On June 29, 2017, the undersigned issued a decision awarding compensation to petitioner based on respondent's Proffer. (ECF No. 25.)

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On September 8, 2017, petitioner filed a motion for attorneys' fees and costs. (ECF No. 30.)  Petitioner requests attorneys' fees in the amount of $14,408.70 and attorneys' costs in the amount of $990.01.  (*Id.* at 1.)  In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. Thus, the total amount requested is $15,398.71.

On October 5, 2017, respondent filed a response to petitioner's motion.  (ECF No. 31.)  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  (*Id.* at 1.)  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  (*Id.* at 2.)  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  (*Id.* at 3.)

On October 9, 2017, petitioner filed a reply.  (ECF No. 32.)  Petitioner argues that respondent's position regarding the fee application is overly burdensome on the Court and prejudices petitioner.  (*Id.* at 2.)  Petitioner also argues that he has met his burden of establishing reasonable fees and costs, and as such his attorneys' fees and costs should be paid.  (*Id.* at 3-4.)

The undersigned has reviewed the billing records submitted with petitioner's request. In the undersigned's experience, the request appears reasonable, except for the necessary reduction discussed below.

On January 6 and January 7, 2017, Mr. Kalinowski billed a total of 8.1 hours of travel at his full hourly rate. (ECF No. 30-2 at 5.) Consistent with routine practice in this program, the undersigned reduces petitioner's counsel's hourly rate for this travel time rate by 50%. *See, e.g., Hocraffer v. HHS,* No. 99-533V, 2011 WL 3705153, at *24 (noting that "Special masters consistently award compensation for travel time at 50% of the billing rate in the Vaccine Program."); *J.L.D. v. HHS*, No. 15-716V, 2017 WL 563189, at *4 (Fed. Cl. Spec. Mstr. Jan. 18, 2017) ("Upon further review of the billing records, I noted that [petitioner's counsel] billed a total of 19.6 hours of travel time in 2015. While an attorney may bill for work performed while traveling, special masters consistently award compensation for travel time at 50% of the billing rate in the Vaccine Program." (internal citation omitted)).  Accordingly, the undersigned reduces petitioner's fee award by $1,449.90 (($358-$179)*8.1=$1,449.90).

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs with the reduction discussed above.

**Accordingly, the undersigned awards the total of $13,948.81[3] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Isaiah Kalinowski.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.